UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS J. ALLEN | ) | CASE NO. 1:06 CV 1079 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE LESLEY WELLS |
| -vs- | ) | |
| | ) | |
| REGINALD A. WILKINSON, et al. | ) | MEMORANDUM OF OPINION AND |
| | ) | ORDER ADOPTING THE |
| Defendants | ) | MAGISTRATE JUDGE'S REPORT AND |
| | ) | RECOMMENDATION AS MODIFIED |
| | ) | AND DISMISSING DEFENDANT |
| | ) | KELLEY WITH PREJUDICE |

The Court has before it Thomas Allen's ("Mr. Allen") objections to Magistrate Judge Patricia Hemann's Report and Recommendation ("R&R") issued on 12 January 2007. Magistrate Judge Hemann recommends granting the motion by the Defendants – Reginald Wilkinson ("Mr. Wilkinson"), Benny Kelly ("Mr. Kelly"), Wade Davis ("Mr. Davis"), Sgt. Rios, Officer Furhman, Jane Doe, and John Doe – for dismissal, overruling Mr. Allen's motion for judgment on the pleadings, and dismissing the complaint without prejudice on the basis of Mr. Allen's failure to exhaust his administrative remedies. After conducting a de novo review of the record, the Court concludes that the R&R should be adopted by the Court as modified to comport with the United States Supreme Court's intervening decision on 22 January 2007 in Jones v. Bock, 127 S.Ct. 910, 166 L.Ed.2d 798, 75 USLW 4058 (2007).

**I. EXHAUSTION**

The defendants maintain that Mr. Allen has failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), which requires:

> No action shall be brought with respect to prison conditions under § 1979 of the revised statutes of the United States (42 U.S.C. § 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997 e(a). Failure to exhaust is an affirmative defense under the PLRA, and inmates are not required to specially plead or demonstrate exhaustion in their complaints. While exhaustion is mandatory under the PLRA, Porter v. Nussle, 534 U.S. 516, 524 (2002), the defendant must raise lack of exhaustion as an affirmative defense. Federal Rule of Civil Procedure 8(a); Jones v. Bock, 127 S.Ct. 910, 915, 75 USLW 4058 (U.S. Jan 22, 2007) (overruling Sixth Circuit precedent and finding inmate's failure to exhaust under PLRA an affirmative defense, i.e. inmate is not required to specially plead or demonstrate exhaustion in his or her complaint). Here, the defendants have raised Mr. Allen's lack of exhaustion. To oppose the defendants' claim of failure to exhaust, the inmate must show that all available administrative remedies have been exhausted and should attach documentation to the complaint indicating the administrative disposition of any grievance filed.

Under the Ohio Administrative Code § 5120-9-31, the following three-step grievance procedure is available for an inmate complaining about "policies, procedures, conditions of confinement, or the actions of institutional staff:" (1) file an informal complaint to the direct supervisor of the staff member, or department most directly

responsible for the particular subject matter of the complaint; (2) file a notification of grievance to the inspector of institutional service; and (3) file an appeal of the disposition of grievance to the office of the chief inspector." Ohio Admin. Code § 5120-9-31(J) (2003).

As the R&R found, Mr. Allen has not submitted proof of administrative exhaustion with regard to his complaint of excessive force and inadequate medical attention.  Of the named defendants in Mr. Allen's suit, only the complaint against Mr. Kelley was pursued on appeal to the office of the chief inspector.  Mr. Allen has not exhausted his administrative remedies against the remaining defendants – Wilkinson, Davis, Sgt. Rios, Officer Furhman, Jane Doe, and John Doe – and the complaint will be dismissed against these latter defendants without prejudice.

Allen's argument that exhaustion should be excused as futile continues to be meritless.  The decision in Jones shifts the burden onto the defendants to bring exhaustion as an affirmative defense and abrogates this Circuit's total exhaustion doctrine.  Jones 127 S. Ct. at 923 (abrogating Jones Bey v. Johnson, 407 F.3d, 801, 807 (6th Cir. 2005)).  That, now defunct, doctrine required the Court to dismiss, in its entirety, any complaint containing both exhausted and unexhausted claims.  However, under Jones, exhaustion is still considered mandatory, and this Circuit continues to require the claimant to proceed through the administrative grievance process even if that process would be futile.  Harris v. Hulkoff, 2006 WL 1997391 (W.D.Mich. 2006); Northington v. Michigan Dept. of Corrections, 72 Fed. Appx. 423, 425 (6th Cir. 2003); Hartsfield v. Vidor, 199 F.3d 305, 308-10 (6th Cir.1999); Wyatt v. Leonard, 193 F.3d 876, 879 (6th Cir.1999).

## II.  **MOTION TO DISMISS**

As Mr. Allen has exhausted the administrative procedures against Mr. Kelley, the Court will proceed to address the merits of the claim against that sole defendant. Defendants move to dismiss Mr. Allen's complaint against Mr. Kelley, contending the plaintiff has failed to allege any personal involvement, thus creating a fatal, legal infirmity in the Section 1983 suit.

A motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), questions the sufficiency of the pleadings.  No complaint shall be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle relief. See Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); see also Pfennig v. Household Credit Servs., 295 F.3d 522, 525-26 (6th Cir.2002).

When considering a 12(b)(6) motion for failure to state a claim upon which relief can be granted, a court must:

> construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief. . . .  However, the Court need not accept as true legal conclusions or unwarranted factual inferences.

Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998).  The Court's task is thus "necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims."  Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

While a reviewing court must liberally construe pro se pleadings, Boag v. MacDougall, 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996); see also Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988).

### III. SECTION 1983 CLAIM

Mr. Allen claims that Mr. Kelley violated his civil rights in the failure to prevent the use of excessive force in an incident that occurred on 24 June 2004, which the plaintiff also maintains resulted in a denial of adequate medical care, implicating the Eighth Amendment of the United States Constitution. He brings this claim against Mr. Kelley only in his official capacity as Warden of the Lorain Correctional Institution.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the United States Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Street v. Corr. Corp. of Am., 102 F.3d 810, 814 (6th Cir.1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. Albright v. Oliver, 510 U.S. 266, 271 (1994). Mr. Allen maintains that Mr. Kelley abridged his rights protected by the Eighth and Fourteenth Amendments when he was assaulted by denying him treatment and failing

- 5 -

to prevent the assault.  It is well established that deliberate indifference to a prisoner's serious medical needs constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir.2001).

Suing a government official in his or her official capacity is the equivalent of naming the government entity itself as the defendant.  Courts have long recognized that suits against state officials in their official capacity are treated as suits against the state. Hafer v. Melo, 502 U.S. 21, 25 (1991); see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n. 55 (1978) ("Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").  With limited exceptions that are not relevant to the instant case, "the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court."  Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir.2002).  Further, the Eleventh Amendment protects state officials sued for money damages in their official capacities.  See Hafer v. Melo, 502 U.S. 21, 30-31 (1991) (holding that state officials, sued for monetary relief in their official capacities, are not "persons" subject to suit under section 1983); Brandon v. Holt, 469 U.S. 464, 471-72 (1985);  Papp v. Snyder, 81 F. Supp.2d 852, 857 n.4 (N.D. Ohio 2000).  Consequently, the Eleventh Amendment bars Mr. Allen's claim against Mr. Kelley in his official capacity, to the extent that claim seeks monetary damages.

Furthermore, to state a § 1983 claim against a government entity, a plaintiff must allege that his injury was caused by an unconstitutional policy statement, ordinance, regulation, or decision officially adopted and promulgated by the entity's officers. Monell, 436 U.S. at 690.  Even though Mr. Allen has alleged that Mr. Kelley

implemented or promulgated rules and policies that deprived the officers of adequate training, the facts stated in the complaint do not support such a conclusion.  Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998) ("the Court need not accept as true legal conclusions or unwarranted factual inferences").

### IV.  EIGHTH AMENDMENT CLAIM

To establish a violation of his constitutional rights resulting from a denial of adequate medical care, Mr. Allen must show that Mr. Kelley was deliberately indifferent to his serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 106 (1976);  Brooks v. Celeste, 39 F.3d 125, 127 (6th Cir1994).  "Deliberate indifference" is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice.  Farmer v. Brennan, 511 U.S. 825, 835-36 (1994); Williams v. Mehra, 186 F.3d 685, 691 (6th Cir.1999) ( en banc );  Westlake v. Lucas, 537 F.2d 857, 860-61 n. 5 (6th Cir.1976).  Under Farmer, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.

An Eighth Amendment claim of denial of adequate medical care has both an objective and subjective component. The objective component requires that the plaintiff's medical needs were sufficiently serious.  See Rhodes v. Chapman, 452 U.S. 337 (1981); Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir.1992).  The subjective component requires that the defendants were deliberately indifferent to the plaintiff's medical needs.  See Wilson v. Seiter, 501 U.S. 294 (1991); Hunt, 974 F.2d at 735. However, complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief.  Estelle v. Gamble, 429 U.S. at 105-06.  Moreover, a prisoner's

difference of opinion regarding diagnosis or treatment does not rise to the level of an Eighth Amendment violation. Id at 107.

Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. Sanderfer, 62 F.3d at 154-55; Ward v. Smith, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct.29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. Gabehart v. Chapleau, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr.4, 1997). Finally, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6 Cir.1976).

Under the prevailing standards, Mr. Allen's complaint does not state a claim for medical mistreatment violative of his Eighth Amendment rights. Estelle, 429 U.S. at 104. While the Court does not minimize Mr. Allen's ailments or pains, under well-settled law, he does not present sufficient factual allegations from which the Court could draw warranted inferences that Mr. Kelley was deliberately indifferent to his serious medical need. See, e.g., Farmer, 511 U.S. at 837. Mr. Allen acknowledges that he did receive medical treatment and nothing in the complaint or the attached record provides a basis upon which to support an allegation that Mr. Kelley acted with conscious disregard of a substantial risk of serious harm to the plaintiff. Id.

Finally, any contention of negligence in diagnosing and treating Mr. Allen sounds in medical malpractice and does not rise to the level of an Eighth Amendment violation.

See, e.g., Estelle, 429 U.S. at 105-06.  Mr. Allen's difference in opinion with prison medical personnel regarding the appropriate treatment is not enough to state a deliberate indifference claim.  See, e.g., Sanderfer, 62 F.3d at 154-55.  The Court will not second-guess medical judgments or constitutionalize these state tort claims.  See, e.g., Westlake, 537 F.2d at 860 n. 5;  Brock, 2001 WL 468169, at *2.

Accepting all the complaint's factual allegations as true, and construing the complaint in the light most favorable to Mr. Allen, the Court determines the plaintiff cannot show the defendant was deliberately indifferent to his medical needs.  The "deliberate indifference" requirement is "meant to prevent the constitutionalization of medical malpractice claims."  Comstock, 273 F.3d at 703.  As stated by the Supreme Court, "an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'"  Estelle, 429 U.S. at 105-06.  Furthermore, "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation."  Comstock, 273 F.3d at 703.  Deliberate indifference "is the equivalent of recklessly disregarding the risk."  Farmer, 511 U.S. at 836.  It is such indifference that "offend[s] 'evolving standards of decency.'"  Estelle, 429 U.S. at 106.

Therefore, Mr. Allen's § 1983 claim against Mr. Kelley for an alleged Eighth Amendment violation will be dismissed.

## V. **FOURTEENTH AMENDMENT CLAIM**

### a. **Due Process**

Any Fourteenth Amendment due process claim for denial of medical treatment by Mr. Allen, a post-conviction prisoner, is redundant to his Eighth Amendment claim. As Circuits have recognized, a pretrial detainee's claim for lack of medical care is properly brought under the Fourteenth Amendment but analyzed under the same Eighth Amendment standards. See Higgins v. Correctional Med. Srvs. of Ill., Inc., 178 F.3d 508, (7th Cir.1999); Bond v. Gales, 2004 WL 2806024 (W.D.Tenn. Apr. 22, 2004); see also Sinclair v. City of Birmingham, 2005 WL 2448864 (E.D. Mich. Oct. 3, 2005) ("It is an open question in the Sixth Circuit as to whether a denial of medical care claim by an arrestee is to be analyzed under the Fourth Amendment standard of objective reasonableness or the Eighth/Fourteenth Amendment standard of 'deliberate indifference.'").  Under the Fourteenth Amendment denial of due process clause, pretrial detainees have a right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners. See Watkins v. City of Battle Creek, 273 F.3d 682, 685 (6 Cir.2001).

Where, as here, the plaintiff is not a pretrial detainee, but a convicted prisoner, the Courts recognize the Eighth Amendment as "the primary source of substantive protection" Graham v. Connor, 490 U.S. 386, 395, fn. 10, where the right to adequate medical treatment is challenged as an affront to substantive due process. See Watkins v. City of Battle Creek, 273 F.3d 682, 685 (6th Cir.2001);  Weaver v. Shadoan, 340 F.3d 398, 410 (6th Cir.2003) ("The Eighth Amendment does not apply to pretrial detainees"); see Graham v. Connor, 490 U.S. at 395, fn. 10 (noting that any protection afforded by

the Fourteenth Amendment substantive due process to convicted prisoners against excessive force is "at best redundant of that provided by the Eighth Amendment").

### b. Equal Protection

In order to state an equal protection claim based on discriminatory acts, as the Court construes Mr. Allen to have alleged, a Section 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of his membership in a protected class. See Henry v. Metro. Sewer Dist., 922 F.2d 332, 341 (6th Cir.1990). Moreover, conclusory allegations of unconstitutional conduct are insufficient to state a claim under Section 1983 – some factual basis for the claim must be set forth in the pleadings. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir.1996).

The Sixth Circuit holds that prisoners are not a "protected class" for equal protection purposes. See Hampton v. Hobbs, 106 F.3d 1281, 1286 (6th Cir.1997). In Carnes v. Engler, 76 Fed. Appx. 79 (6th Cir. 2003), the Sixth Circuit denied the plaintiffs' equal protection claim, finding that no protected class had been alleged where the claim was based upon the alleged disparate treatment of certain prisoners as compared to others. Id. at 81.

Because Mr. Allen does not allege any facts indicating that Mr. Kelley intentionally discriminated against him on the basis of his membership in a protected class, his Fourteenth Amendment equal protection claim, as construed by this Court, will be dismissed.

**VI. CONCLUSION**

For the reasons stated, the Court adopts the Magistrate Judge's R&R as amended. To the extent that the Report and Recommendation discusses the standard of review and pleading requirements for the exhaustion of administrative remedies rejected in Jones v. Bock, that language is stricken. Mr. Allen's complaint is dismissed without prejudice against defendants Wilkinson, Davis, Rios, Furhman, Jane Doe, and John Doe for failure to exhaust administrative remedies. Mr. Allen's complaint against Mr. Kelley is dismissed with prejudice on the merits. In accord with the R&R, Mr. Allen's motion for judgment on the pleadings is overruled.

IT IS SO ORDERED.

  /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: 30 March 2007